UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MCHAEL J. COULTER, | Case No.  6:22-po-00276-HBK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A RULE 43(b)(3) WAIVER<br><br>(Doc. No.  8) |

Pending before the Court is Defendant's motion requesting his presence be waived pursuant to Federal Rule of Criminal Procedure 43(b)(3).  (Doc. No. 8).  Specifically, Defendant "requests that this Court proceed in his absence on every occasion that the Court may permit, pursuant to this waiver."  (*Id*.).  Although signed on October 5, 2022, the motion was not filed with the Court until October 7, 2022.  *See* docket.  As of the date of this order, the Government did not file any opposition to Defendant's motion and the time to do so has expired.  *See* docket, *see also* L.R. 430.1(f).  Rule 43(b)(3) provides that a defendant need not be present under the following circumstance, *inter alia*:

>**Conference or Hearing on a Legal Question.**
>
>The proceeding involves only a conference or hearing on a question of law.

Fed. R. Civ. P. 43(b)(3).  The Court will grant the motion to the extent that the Defendant need not be present at any proceedings which involves only a conference or question of law.

It is not entirely clear whether Defendant seeks to waive his personal appearance at his initial appearance scheduled for October 18, 2022. With the defendant's written consent, a defendant's presence is not required at an arraignment, plea, or trial for a misdemeanor offense that is punishable by a fine or imprisonment of not more than one year. Fed. R. Crim. P. 43(b)(2); Fed. R. Crim. Pro. 10(b).[1] Because an initial appearance is not a conference or hearing on a legal question under Rule 43(b)(3), the Court cannot construe the waiver as Defendant requesting to waive his appearance at his October 18, 2022 Initial Appearance. Further, the waiver does not comply with Fed. R. Crim. P. 10(b)(2).[2]

Nonetheless, the Court will construe the motion as requesting permission for Defendant to appear by videoconference at his Initial Appearance which was rescheduled on August 16, 2022 for October 18, 2022 and grant that construed request. (Doc. No. 7). Fed. R. Crim. P. 5(f), 10(c), 43(b)(2). The Court reminds all parties of the following protocols:

To participate via Zoom, you will need a device with a microphone and camera, with internet access on the same device. Adequate lighting and sound are required for the Court to be able to see and hear you. You are encouraged to test Zoom before the hearing and should download the app at least one day before the hearing if using a phone or tablet. The Court will not provide technical support for Zoom participants or attendees. During the hearing, both your video and sound should be turned on (until you are told to mute yourself) and you should display your name on the video. Each participant will speak only when called on by the Judge or the Courtroom Deputy. Appropriate attire is mandatory for any appearance in Court. Dress for your Zoom proceedings as if you were attending your court proceedings in the courtroom. **Use of a virtual background is prohibited**. You should be in quiet location, preferably indoors. There should not be any other activities going on in your location.

---

[1] Further, Section 15002(b)(3) of the CARES Act, on March 30, 2020, General Order No. 614 authorizes the use of video conferences for initial appearances subject to the discretion of each judge. On September 19, 2022, General Order 614 was extended by General Order No. 655 for an additional 90 days to expire on December 18, 2022.

[2] In addition to the written waiver being signed by both a defendant and defense counsel the defendant must affirm receipt of the charging document and enter a plea of not guilty.

To the extent Defendant requests a waiver from his October 18, 2022 Initial Appearance, he may seek resubmit a waiver that complies with Fed. R. Crim. P. 10(b)(2).

Accordingly, it is **ORDERED**:

1. Defendant's motion for Rule 43(b)(3) is GRANTED to the extent set forth above.
2. Defendant's construed request to appear by video-conference for his October 18, 2022 Initial Appearance is GRANTED and the Court will provide the necessary information to facilitate the video conference to Mr. Coulter's attorney.

Dated:   October 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE